In re RAHM.

### MAGRUDER v. AMERICANA CO. et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

ATTORNEY AND CLIENT (§ 176*)—ATTORNEY'S LIEN—CONTINGENT FEES.

　　An order determining an attorney's lien for services rendered under an agreement for a contingent fee from the amount recovered cannot be sustained, where it appears that nothing has been paid to the attorney's client and that no settlement has been made in the action.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 381; Dec. Dig. § 176.*]

Appeal from Special Term, New York County.

In the matter of the application of Albert E. Rahm to have his attorney's lien determined and enforced in the action of G. Lloyd Magruder against the Americana Company and others. From an order determining the attorney's lien, an appeal was taken. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Frank J. Ryan, of New York City, for appellant.
D. W. Steele, Jr., of New York City, for respondent.

DOWLING, J. The moving papers show that plaintiff, under an agreement with his client, Magruder, is entitled to recover for his professional services a sum equal to 33⅓ per cent. of any sum that might be recovered by suit, settlement, or otherwise, upon a claim against defendants.

The petitioner shows that he has issued a summons in the action of Magruder v. Americana Company et al. He alleges upon informa-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion and belief that the defendants settled the litigation with his client without his knowledge or consent. It, however, appears from the affidavit of Phineas M. Bond, the secretary and assistant treasurer of the defendant corporations, who has charge of the records thereof, as well as knowledge of all disbursements made by them, that:

"No money or other consideration has been paid the said plaintiff by the defendant in settlement of this action, nor any settlement whatsoever made with him by the defendant."

Under these conditions, this order cannot be sustained, based, as it is, upon the theory that a settlement has actually been made in some form or other by his client with the defendants, without his consent.

The order will therefore be reversed, with $10 and disbursements, and the motion denied, with $10 costs. All concur.